UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL,      ) | |
|                       ) | |
| Plaintiff,            ) | |
|                       ) | |
| v.                    ) | Case No. 1:13-cv-00799-TWP-DKL |
|                       ) | |
| BEN MCCANN, and NEIL COX,  ) | |
|                       ) | |
| Defendants.           ) | |

**ENTRY ON DEFENDANT McCANN'S MOTION TO DISMISS**

This matter is before the Court on Defendant Ben McCann's ("Mr. McCann") Motion to Dismiss (Dkt. 6). Mr. McCann filed his motion and brief in one document, which Plaintiff Richard N. Bell ("Mr. Bell") contends violates Local Rule 7-1 and should result in dismissal. However, documents filed *pro se* are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Denial of the motion is not appropriate as a sanction for the error in form under Local Rule 1-3. Focusing on the merits of the motion, the Court finds that Mr. Bell has failed to state a claim for relief against Mr. McCann, and Mr. McCann's Motion (Dkt. 6) is **GRANTED**.

## I. BACKGROUND

Mr. Bell owns the copyright to a photograph of the Indianapolis skyline ("Indianapolis Photo") that he took in March 2000. It was first published on the website "Webshots" on August 29, 2000, and has been recently published on Mr. Bell's personal website. It was registered on August 4, 2011, with the United States Copyright Office. Mr. Bell alleges that each Defendant downloaded or took the Indianapolis Photo without his permission for use on Defendants' websites for commercial use. Mr. Bell notified Defendants of the alleged infringing use and demanded payment.

Mr. McCann is the founder of the website "http://indychristianmedia.com". The website provides a platform for people to communicate and share content. On June 25, 2011, Mr. Bell contacted Mr. McCann by email reporting the unlawful use of the Indianapolis Photo and demanded payment. Mr. McCann notified Neil Cox, who removed the photograph from the website on June 26, 2011, and informed Mr. Bell of such. Mr. Bell subsequently filed this lawsuit.

## II.  LEGAL STANDARD

Although Mr. McCann styled his motion as a Federal Rule of Civil Procedure 12(b)(6) motion, it is better classified as a motion under Rule 12(c) for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Rule 12(c) motions are reviewed under the same standard as a motion to dismiss under 12(b)(6). *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). Like a Rule 12(b)(6) motion, for a complaint to survive its factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "Specific facts are not necessary; the statement need only give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 555) (alteration in original). However, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

### III. DISCUSSION

Mr. Bell has filed a complaint seeking declaratory and monetary damages alleging claims of copyright infringement, unfair competition and theft. In his pleadings, Mr. Bell has alleged, but has not shown, that he is entitled to relief. His complaint contains formulaic labels and conclusions, but not facts. For example, the complaint under his copyright claim generically alleges that all—originally, twenty-two in total—Defendants: downloaded the Indianapolis Photo; willfully, recklessly, and falsely claimed that it owned the copyright to the photograph; published the photograph for commercial use; engaged in unfair trade practices and competition; and willfully engaged in these acts with oppression, fraud, and malice. *See* Dkt. 5. The complaint alleges under Mr. Bell's theft claim all of the preceding allegations and that the Defendants knowingly or intentionally exerted unauthorized control over Mr. Bell's property and therefore have committed criminal conversion. *See* Dkt. 5.

While providing specific facts is not necessary in a complaint, Mr. Bell is required to do more than recite legal conclusions of conduct with generic applicability to various defendants. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not afforded the assumption of truth. *Id.* at 679.

Here, Mr. Bell's complaint is similar to the conclusory complaint at issue in *Twombly*. *See* 550 U.S. at 551 (quoting complaint); *Iqbal*, 556 U.S. at 679 (noting the complaint in *Twombly* was "flatly pleaded" as a legal conclusion). It is also similar to the deficient allegations in *Iqbal*. There the respondent pleaded that "petitioners knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." *Iqbal*, 556 U.S. at 680 (internal quotation marks omitted; alteration in original). The Supreme Court held that "[t]hese bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim . . . . As such, the allegations are conclusory and not entitled to be assumed true." *Id.* at 680–81 (quoting *Twombly*, 550 U.S. at 555).

Like in these cases, the Court will not afford the assumption of truth to the legal conclusions in Mr. Bell's complaint. Neither does the Court find any factual allegations that are *not* legal conclusions, which could entitle him to relief and satisfy the standard of review. For these reasons, Mr. McCann's Motion is **GRANTED**.

### IV. CONCLUSION

Accordingly, Mr. McCann's Motion to Dismiss (Dkt. 6) is **GRANTED**. Mr. Bell's claims against Mr. McCann are **DISMISSED without prejudice**. If Mr. Bell wishes leave to file an amended complaint against Mr. McCann he must **seek leave to do so within fourteen (14) days of the date of this Entry.**

SO ORDERED.

Date: 03/07/2014

                                             Hon. Tanya Walton Pratt, Judge
                                             United States District Court
                                             Southern District of Indiana

DISTRIBUTION:

Ben McCann
705 North Shore Boulevard
Franklin, Indiana  46131

Neil Cox
131 Walter Street
Carmel, Indiana  46032

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net